UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.:

Geormarie Salas
and other similarly situated individuals,

      Plaintiff(s),

v.

Angels On Earth PPEC, Inc.

      Defendant,

_____/

## COLLECTIVE ACTION COMPLAINT
(OPT-IN PURSUANT TO 29 USC § 216(b))

COMES NOW the Plaintiff Geormarie Salas and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Defendant Angels on Earth PPEC, Inc., and alleges:

### Jurisdiction Venues and Parties

1. This is an action to recover money damages for unpaid overtime wages and retaliation under the United States laws. Accordingly, this Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 USC § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff Geormarie Salas is a resident of Orange County, Florida, within the jurisdiction of this Court. Plaintiff is a covered employee for purposes of the Act.

3. Defendant Angels on Earth PPEC, Inc. (from now Angels on Earth PPEC, Inc., or Defendant) is a Florida Profit Corporation, having a business in Orange County, Florida, where Plaintiff worked for Defendant.

4. Defendant Angels on Earth PPEC was the Employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)].

5. All the actions raised in this complaint took place in Orange County, Florida, within this Court's jurisdiction.

<u>General Allegations</u>

6. This cause of action is brought by Plaintiff Geormarie Salas as a collective action to recover from Defendant overtime compensation, retaliatory damages, liquidated damages, costs, and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or

after September 2021, (the "material time") without being adequately compensated.

7. Defendant Angels on Earth PPEC is a for-Profit organization dedicated to providing prescribed pediatric extended care (PPEC) for special needs children. Defendant provides medical daycare, transportation, and therapy for disabled children. Angels on Earth PPEC is located at 12200 Menta Street, ST 103-105, Orlando, FL 32837, where Plaintiff worked.

8. Defendant Angels on Earth PPEC employed Plaintiff Geormarie Salas as a non-exempted, full-time, hourly employee from approximately September 06, 2021, to September 15, 2021, or 1 week plus two days.

9. Plaintiff was hired as a nurse assistant and caregiver for the disabled children.  Plaintiff had a wage rate of $15.00 an hour. Plaintiff's overtime rate should be $22.50 an hour.

10. During her first week of employment, Plaintiff worked 5 days per week as follows:  On Monday Plaintiff worked from 9:00 AM to 5:00 PM (8 hours), on Tuesday from 8:10 AM to 5:40 PM (9.5 hours), on Wednesday from 7:00 AM to 4:30 PM (9.5 hours), on Thursday from 8:30 to 7:08 (10.38 hours), on Friday Plaintiff worked from 9:00 AM to 8.41 PM.   From Monday, September 6, 2021, to Friday, September 10, 2021, Plaintiff completed 49 working hours.

11. The following week, Plaintiff worked from 7:00 AM to 6:48 PM (11.48 hours). On Tuesday, Plaintiff was off, and she went to pick up her check at work. When Plaintiff saw her paycheck, she complained about not getting paid for overtime hours and the illegal deduction of $ 84.13 for a background check, plus $125.00 for an HHA course (online nursing certification, which Plaintiff did not take), a total deduction of $209.13.

12. After Plaintiff's complaint, Manager John Erick called her to ask if she had made any comments about the job. Plaintiff explained to the manager the nature of her complaint. Ten minutes later, Manager John Erick called Plaintiff again to inform her that she was fired.

13. Plaintiff worked more than 40 hours, but she was not paid for overtime hours, as required by law.

14. Plaintiff did not clock in and out, but Defendant could track the number of hours worked by Plaintiff and other similarly situated individuals. Defendant's management knew about Plaintiff's number of working hours for that week.

15. Therefore, Defendant willfully failed to pay Plaintiff regular and overtime hours at the rate of time and one-half her regular rate for every hour that they worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1).

16. As a result of Plaintiff's complaint on or about September 15, 2021, Defendant fired Plaintiff, alleging pretextual reasons.

17. Plaintiff is not in possession of time records, but she will provide a good faith estimate about her unpaid overtime hours.

18. Plaintiff GEORMARIE SALAS seeks to recover unpaid overtime wages for every hour worked over 40 during her entire employment, retaliatory damages, liquidated damages, and any other relief as allowable by law.

<u>Collective Action Allegations</u>

19. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 USC §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

20. Plaintiff contends that Defendant, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiff and other similarly situated individuals the proper compensation for overtime hours at the rate of time and one-half their regular rate.

21. This action is intended to include every nurse assistant, caregiver, and any similarly situated individuals who worked for Defendant at any time during the past three (3) years.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION;
## FAILURE TO PAY OVERTIME

22. Plaintiff Geormarie Salas re-adopts every factual allegation stated in paragraphs 1-21 above as if set out in full herein.

23. Defendant Angels on Earth PPEC was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 USC § 203(r)(1),(2) (A), and 203(s)(1)(A). Defendant is an institution engaged in the care of the sick. Defendant's activities are connected to a public agency. Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions by ordering product and supplies produced out of State. Upon information and belief, the annual gross revenue of the Employer/Defendant was always material hereto more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

24. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff was a caregiver providing care to disabled children. To perform her work, Plaintiff used the channels of interstate commerce and regularly handled and worked on goods and

materials produced for commerce and moved across State lines at any time during the business. Therefore, there is FLSA individual coverage.

25. Defendant Angels on Earth PPEC employed Plaintiff Geormarie Salas as a non-exempted, full-time, hourly employee from approximately September 06, 2021, to September 15, 2021, or 1 week plus two days.

26. Plaintiff was hired as a nurse assistant and caregiver for the disabled children.  Plaintiff had a wage rate of $15.00 an hour. Plaintiff's overtime rate should be $22.50 an hour.

27. During her first week of employment, from Monday September 6, 2021, to Friday September 10, 2021, Plaintiff completed 49 working hours.

28. The following week, Plaintiff worked from 7:00 AM to 6:48 PM (11.48 hours).  On Tuesday, Plaintiff was off, and she went to pick up her check at work.  When Plaintiff saw her paycheck, she complained with her superiors about not getting paid for overtime hours and the illegal deduction of $ 84.13 for a background check, plus $125.00 for an HHA course (online nursing certification which Plaintiff did not take), a total deduction of $209.13.

29. After Plaintiff's complaint, Manager John Erick fired Plaintiff.

30. Plaintiff worked more than 40 hours, but she was not paid for overtime hours, as required by law.

31. Plaintiff did not clock in and out, but Defendant could track the number of hours worked by Plaintiff and other similarly situated individuals. Defendant's management knew about Plaintiff's number of working hours for that week.

32. Therefore, Defendant willfully failed to pay Plaintiff regular and overtime hours at the rate of time and one-half her regular rate for every hour that they worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1).

33. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated, and the compensation paid to such employees should be in the possession and custody of Defendant. However, Defendant did not maintain accurate time records of hours worked by Plaintiff and other employees upon information and belief. Therefore, Defendant violated the record-keeping requirements of FLSA, 29 CFR Part 516.

34. Upon information and belief, Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Accordingly, Defendant violated the Posting requirements of 29 USC § 516.4.

35. Plaintiff is not in possession of time records, but she will provide a good

faith estimate about her unpaid overtime hours.

*Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate.

   a. <u>Total amount of alleged unpaid O/T wages</u>:

     Two Hundred Two Dollars and 50/100 ($202.50)

   b. <u>Calculation of such wages</u>:

     Total period of employment: 1 week plus 2 days
     Relevant weeks of employment:  1 weeks
     Total number of hours worked: 49 hours
     Total number of unpaid O/T hours:  9 O/T hours
     Regular rate paid: $15.00 an hour x 1.5=$22.50
     O/T rate: $22.50 an hour

     O/T rate $22.50 x 9 O/T hours= $202.50

   c. <u>Nature of wages (e.g., overtime or straight time)</u>:

     This amount represents unpaid overtime wages.

36. At all times, the Employer/Defendant failed to comply with Title 29 USC

§207 (a) (1), in that Plaintiff and those similarly situated performed services

and worked more than the maximum hours provided by the Act. Still,

Defendant made no provision to properly pay them at the rate of time and

one-half for all hours worked over forty hours (40) per workweek as

provided in said Act.

37. Defendant knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's employment with Defendant, as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

38. Defendant Angels on Earth willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one-half her regular rate, as required by the law of the United States, and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant.

39. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorney's fee.

<u>Prayer for Relief</u>

Wherefore, Plaintiff Geormarie Salas  and those similarly situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff Geormarie Salas and other similarly situated individuals and against the Defendant Angels on Earth PPEC based on Defendant's willful violations of the Fair Labor Standards Act, 29 USC §

201 et seq.; and

B. Award Plaintiff Geormarie Salas  actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>Demand for a Jury Trial</u>

Plaintiff Geormarie Salas demands trial by a jury of all issues triable as of right by a jury.

## **<u>COUNT II:</u>**
## **<u>FEDERAL STATUTORY VIOLATION: RETALIATORY DISCHARGE;</u>**
## **<u>PURSUANT TO 29 USC 215(a)(3)</u>**

40. Plaintiff Geormarie Salas re-adopts every factual allegation as stated in paragraphs 1-21 of this complaint as if set out in full herein.

41. Defendant Angels on Earth PPEC was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 USC § 203(r)(1),(2) (A), and 203(s)(1)(A). Defendant is an institution engaged in the care of the sick.  Defendant's activities are connected to a public agency. Defendant had

more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions by ordering product and supplies produced out of State. Upon information and belief, the annual gross revenue of the Employer/Defendant was always material hereto more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

42. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff was a caregiver providing care to disabled children. To perform her work, Plaintiff used the channels of interstate commerce and regularly handled and worked on goods and materials produced for commerce and moved across State lines at any time during the business. Therefore, there is FLSA individual coverage.

43. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies.

44. 29 USC § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any workweek, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one-half times the employee's regular rate…"

45. Likewise, 29 USC 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

46. Defendant Angels on Earth PPEC employed Plaintiff Geormarie Salas as a non-exempted, full-time, hourly employee from approximately September 06, 2021, to September 15, 2021, or 1 week plus two days.

47. Plaintiff was hired as a nurse assistant and caregiver for the disabled children.  Plaintiff had a wage rate of $15.00 an hour. Plaintiff's overtime rate should be $22.50 an hour.

48. During her first week of employment, Plaintiff worked 5 days, a total of 49 hours.

49. The following week, Plaintiff worked from 7:00 AM to 6:48 PM (11.48 hours).  On Tuesday, Plaintiff was off, and she went to pick up her check at work.

50.  When Plaintiff saw her paycheck, she complained about not getting paid for overtime hours, about the illegal deduction of $ 84.13 for a background check, and $125.00 for an HHA course (online nursing certification, which Plaintiff did not take), a total deduction of $209.13.

51. After Plaintiff's complaint, Manager John Erick called her to ask if she had made any comments about the job. Plaintiff explained to the manager the nature of her complaint.

52. These complaints constituted protected activity under the FLSA.

53. However, ten minutes later, Manager John Erick called Plaintiff again to inform her that she was fired.

54. Plaintiff worked more than 40 hours, but she was not paid for overtime hours, as required by law.

55. Plaintiff did not clock in and out, but Defendant could track the number of hours worked by Plaintiff and other similarly situated individuals. Defendant's management knew about Plaintiff's number of working hours for that week.

56. Therefore, Defendant willfully failed to pay Plaintiff regular and overtime hours at the rate of time and one-half her regular rate for every hour that they worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1).

57. As a result of Plaintiff's complaint on or about September 15, 2021, Defendant fired Plaintiff, alleging pretextual reasons.

58. At the time of her termination, Plaintiff was performing the essential functions of her position satisfactorily. There was no other reason than retaliation to fire her.

59. There is close proximity between Plaintiff's protected activity and her termination.

60. The motivating factor which caused Plaintiff's discharge as described above was her complaint seeking unpaid overtime wages from Defendant.  In other words, Plaintiff would not have been discharged but for her complaints about unpaid overtime wages.

61. Defendant's termination of Plaintiff was in direct violation of 29 USC 215 (a)(3) and, as a direct result, Plaintiff has been damaged.

62. Plaintiff Geormarie Salas has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay reasonable attorneys' fees.

## Prayer For Relief

Wherefore, Plaintiff Geormarie Salas  respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that the Defendant's acts, policies, practices, and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendant Angels on Earth that Plaintiff Geormarie Salas  recovers compensatory damages and an equal amount of liquidated damages as provided under the law and in 29 USC § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D. Order the Defendant Angels on Earth PPEC to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff Geormarie Salas further prays for such additional relief as the interests of justice may require.

<u>Demand for a Jury Trial</u>

Plaintiff Geormarie Salas demands trial by a jury of all issues triable as of right by a jury.

Dated:  November 16, 2021

Respectfully submitted,

By: **_/s/ Zandro E. Palma_**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone:      (305) 446-1500
Facsimile:      (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*